51 F.3d 271
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
The ARGUS-PRESS CO., Petitioner-Cross-Respondent,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent-Cross-Petitioner,
v.
NEWSPAPER DRIVERS AND HANDLERS LOCAL UNION NO. 372, Intervenor.
 Nos. 93-6523, 93-6625.
 United States Court of Appeals, Sixth Circuit.
 Feb. 14, 1995.
 
 Before ENGEL, NORRIS and DAUGHTREY, Circuit Judges.
 MEMORANDUM OPINION
 PER CURIAM.
 
 
 1
 Argus-Press Co. seeks relief from an order of the National Labor Relations Board certifying the Brotherhood of Teamsters, AFL-CIO, as exclusive bargaining agent, as the result of a representation election. The Board asks us to enforce its order.
 
 
 2
 Argus-Press Co. contends that the Board should have followed the holding of its decision in Monte Vista Disposal Co., 307 N.L.R.B. No. 531 (May 15, 1992), that "an employee who arrives at the polling place after the designated polling period ends shall not be entitled to have his or her vote counted, in the absence of extraordinary circumstances, unless the parties agree not to challenge the ballot." Id. at 533-34 (footnotes omitted).
 
 
 3
 The Board pointed out that, if the votes of the three late arrivals were not counted, the outcome of the election would remain the same. Rather than attempt to demonstrate the fallacy of that logic, Argus-Press Co. maintains that the conduct of the Board's agent in permitting three late-comers to cast ballots is cause enough to void the election. The argument is not persuasive.
 
 
 4
 The NLRB has broad discretion in establishing and administering representation election rules, NLRB v. Hyatt Hotels, Inc., 887 F.2d 109, 111 (6th Cir.1989), and in resolving representation disputes, NLRB v. Basic Wire Prods., Inc., 516 F.2d 261, 263 (6th Cir.1975). Therefore, in reviewing NLRB decisions, the scope of the court's review centers around ascertaining whether the NLRB abused the discretion entrusted to it by Congress to resolve fairly any disputes arising out of representation elections. See NLRB v. A.J. Tower Co., 329 U.S. 324, 330, 67 S.Ct. 324, 327-28, 91 L.Ed. 322; NLRB v. Kilgore Corp., 510 F.2d 1165, 1167 (6th Cir.1975). Findings of fact by the NLRB are conclusive "if supported by substantial evidence on the record considered as a whole." NLRA Sec. 10(e), 29 U.S.C. Sec. 160(e); NLRB v. Superior Coatings, Inc., 839 F.2d 1178, 1180 (6th Cir.1988). The party seeking to overturn the results of a representation election shoulders the burden of showing that the election was not conducted fairly; it must establish that unlawful conduct occurred which interfered with employees' exercise of free choice to such an extent that it materially affected the result of the election. Id. at 1180.
 
 
 5
 N.L.R.B. v. Shrader's Inc., 928 F.2d 194, 196 (6th Cir.1991).
 
 
 6
 Having had the benefit of oral argument, and having carefully considered the record on appeal and the briefs of the parties, we conclude that the Board did not abuse its discretion in resolving this election dispute, that its view of the facts is supported by substantial evidence when the record is considered as a whole, and that the order of the Board should be enforced.
 
 
 7
 Accordingly, the petition of Argus-Press Co. is denied, and we grant enforcement of the Board's order of October 26, 1993, upon the reasoning set out above, and that found in the hearing officer's report and recommendation dated December 4, 1992, and the Board's decision dated May 13, 1993.